# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK J. HOCKENBERRY,<br>  Petitioner, | :<br>:<br>:   Civil Action No. 3:14-cv-1881 |
| v. | :<br>:   (Judge Mariani) |
| LAUREL HARRY, *et al.*,<br>  Respondents. | :<br>: |

## **MEMORANDUM**

On September 15, 2014, Petitioner, Patrick Hockenberry, an inmate currently confined at the State Correctional Institute at Camp Hill, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He challenges ongoing state criminal proceedings in the Court of Common Pleas of Clearfield County, Pennsylvania. (Doc. 1). Specifically, he challenges the criminal information in his underlying state criminal case, he argues that an attorney was never appointed to represent him, and that the state court has not ruled on his Post Conviction Relief Act ("PCRA") petitions. (Doc. 1). The habeas petition is currently before the Court for screening and will be dismissed.

**I.   BACKGROUND**

 A. *State Court Proceedings*

The Court has reviewed the state court docket[1] in the Court of Common Pleas of

---

[1] *See* Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at: http://ujsportal.pacourts.us/DocketSheets/CP.aspx

Clearfield County and ascertained the following:

Petitioner was arrested on July 14, 2010 by the Pennsylvania State Police in Clearfield, Pennsylvania, and charged with Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Unlawful Contact with a Minor (sexual offenses), and Indecent Assault of a Person less than 13 years of age. *Commonwealth v. Hockenberry*, CP-17-CR-0000556-2010 (Clearfield Cty. Ct. Com. Pl. filed July 22, 2010).

On July 14, 2010, Magisterial District Judge Michael A. Rudella set bail. *See* CP-17-CR-0000556-2010. On August 16, 2010, a criminal information was filed and Petitioner was subsequently arraigned. *Id.*

On January 27, 2011, Petitioner negotiated a plea agreement and entered a guilty plea. *Id.* Petitioner was sentenced on May 9, 2011. *Id.* The court imposed a sentence of five (5) to twenty (20) years imprisonment on the charge of rape of a child; a consecutive sentence of five (5) to twenty (20) years on the charge of involuntary deviate sexual intercourse; a concurrent sentence of five (5) to twenty (20) years on the charge of unlawful contact with a minor; and, a concurrent sentence of one (1) to two (2) years on the charge of indecent assault. *See id.*

Also on May 9, 2011, the court held a Megan's Law Assessment Hearing and issued an Order classifying Petitioner as a sexually violent predator pursuant to Megan's Law. *Id.*

On September 20, 2013, Petitioner filed a petition for Post Conviction Collateral

Relief. *Id.* A hearing as to the PCRA petition was scheduled for February 11, 2014. *Id.* On June 11, 2014, Petitioner filed another petition for Post Conviction Collateral Relief. *Id.* Petitioner's criminal docket sheet reveals that the most recent activity in his case was a July 21, 2014 petition for transcripts and discovery filed by Petitioner. *Id.* Additionally, the most recent status information was entered on March 28, 2014, indicating that the matter is currently awaiting a post-sentence motion hearing. *Id.*

### B. Habeas Petition

Petitioner filed the instant habeas petition asserting that the criminal information in his underlying case was not supported by facts, the information contained identical counts, he was denied the right to prepare a defense, and an attorney was never appointed to represent him. (Doc. 1, pp. 5-10). Petitioner did not file a direct appeal from the judgment of conviction, stating that he was unaware of his right to file such an appeal. (Doc. 1, p. 5). Petitioner contends that he filed two PCRA petitions in the Clearfield County Court of Common Pleas, and has not received a response from the court. (Doc. 1, pp. 5-12, 17-18).

For relief, Petitioner requests that this Court "order Clearfield County to provide petitioner with all transcripts, discovery, and MDJ docs. And further show cause as why Clearfield County has ignored 2 PCRA filings." (Doc. 1, p. 19).

## II. DISCUSSION

A habeas petition may be brought by a prisoner who seeks to challenge either the

fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened[2] and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yi Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37

---

[2] Prior to initial screening, the Court would usually issue an administrative order in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), advising Petitioner of the limitations upon his right to file another section 2254 petition in the future and granting him leave to withdraw his petition to file another petition raising all grounds for relief. However, because the instant habeas petition will be dismissed without prejudice and without a review of the merits, such notice is not required.

(1971)). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Township of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

Additionally, the Third Circuit Court of Appeals has held that *Younger* abstention is warranted when a criminal defendant is pursuing post-conviction relief. *Peay v. Massiah-Jackson*, 133 Fed. Appx. 31 (3d Cir. 2005). The Court in *Peay* stated, "[t]o the extent that [] [Appellant] sought an injunction to force the PCRA courts to allow him to proceed pro se or

to bar a pending state criminal proceeding, Younger and its progeny barred such relief." Peay, 133 Fed. Appx. at *32-33. See also Ridge v. Campbell, 984 F. Supp. 2d 364 (M.D. Pa. 2013) (Younger abstention was warranted where defendant's petition for post-conviction relief was pending in state court, and defendant's requested relief would interfere with those proceedings).

In the present matter, it is clear that the Younger requirements are met. First, Petitioner's PCRA petitions filed in the Clearfield County Court of Common Pleas are still pending. Second, the state proceedings implicate the important state interest of enforcing its criminal laws. Third, the PCRA proceedings provide Petitioner an adequate opportunity to raise his issues in the state forum. This Court may assume that the state procedures will afford Petitioner an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Further, Petitioner has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

Petitioner is asking this Court to exercise authority over the state court to order it to adjudicate his pending PCRA petitions and to provide him with transcripts and discovery. Petitioner's requested remedies will interfere with pending state proceedings. See Marks v. Stinson, 19 F.3d 873, 882 (3d Cir.1994) ("A federal court will only consider Younger abstention when the requested relief would constitute federal interference in state judicial or

quasi-judicial proceedings"). Accordingly, it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. See Peay, 133 Fed. Appx. 31; Ridge, 984 F. Supp. 2d 364. See also Ellis v. Mondello, 2005 WL 1703194, *3 (D. N.J. 2005) ("assuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v.

*McDaniel*, 529 U.S. 473, 484 (2000). In the present matter, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue. *See Davison v. Barrasse*, 2010 WL 3703312 (M.D. Pa. 2010) (dismissing the habeas petition without prejudice pursuant to *Younger* and determining that a certificate of appealability should not issue).

## IV. CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice. A certificate of appealability will not issue.

A separate Order follows.

Date: October 21st, 2014

Robert D. Mariani
United States District Judge