IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICK J. HOCKENBERRY, :
    Petitioner, :
                                                  : Civil Action No. 3:14-cv-1881
v. :
                                                  : (Judge Mariani)
LAUREL HARRY, *et al.*, :
    Respondents. :

## **MEMORANDUM**

On September 15, 2014, Petitioner, Patrick Hockenberry, an inmate currently confined at the State Correctional Institution at Camp Hill, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He challenges ongoing state criminal proceedings in the Court of Common Pleas of Clearfield County, Pennsylvania. (Doc. 1). On October 21, 2014, the habeas petition was dismissed. (Docs. 2, 3). On October 23, 2014, Petitioner filed the instant motion for reconsideration. (Doc. 4). For the following reasons, the motion will be denied.

I. **STANDARD OF REVIEW**

"A motion for reconsideration is a device of limited utility." *Bartelli v. Fedak*, 2006 U.S. Dist. LEXIS 29697, *4 (M.D. Pa. 2006) (Kosik, J.). It may be used only to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986); *Sibio v. Borough of Dunmore*, 2007 U.S. Dist. LEXIS 35380, *4 (M.D. Pa. 2007)

(Caputo, J.). A motion for reconsideration may also be appropriate in instances where the court has misunderstood a party, or has made a decision outside the adversarial issues presented to the court, or has made an error not of reasoning, but of apprehension. *See Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (Vanaskie, J.), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." *Bartelli*, 2006 U.S. Dist. LEXIS at *4, *citing Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Rinaldi v. Sniezek*, 2008 U.S. Dist. LEXIS 46547, *2 (M.D. Pa. 2008) (Rambo, J.) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments already disposed of or as an attempt to relitigate a point of disagreement between the court and the litigant. *See Turner v. Apker*, 133 Fed. Appx. 849, 850 (3d Cir. 2005); *Sibio*, 2007 U.S. Dist. LEXIS at 35383. "Such motions are therefore not appropriate if the movant intends only that the court hear new arguments or supporting facts." *Dougherty v. Farmers New Century Insurance Company*, 2007 U.S. Dist. LEXIS 26058, *6

(M.D. Pa. 2007) (Nealon, J.) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992)).

## II. DISCUSSION

A review of this Court's October 21, 2014 Memorandum dismissing the habeas petition reveals that the following was concluded:

> Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yi Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*, 401 U.S. 37 (1971)). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).
> Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Township of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).
> Additionally, the Third Circuit Court of Appeals has held that *Younger* abstention is warranted when a criminal defendant is pursuing post-conviction relief. *Peay v. Massiah-Jackson*, 133 Fed. Appx. 31 (3d Cir. 2005). The

Court in *Peay* stated, "[t]o the extent that [] [Appellant] sought an injunction to force the PCRA courts to allow him to proceed pro se or to bar a pending state criminal proceeding, *Younger* and its progeny barred such relief." *Peay*, 133 Fed. Appx. at *32-33. *See also Ridge v. Campbell*, 984 F. Supp. 2d 364 (M.D. Pa. 2013) (*Younger* abstention was warranted where defendant's petition for post-conviction relief was pending in state court, and defendant's requested relief would interfere with those proceedings).

In the present matter, it is clear that the *Younger* requirements are met. First, Petitioner's PCRA petitions filed in the Clearfield County Court of Common Pleas are still pending. Second, the state proceedings implicate the important state interest of enforcing its criminal laws. Third, the PCRA proceedings provide Petitioner an adequate opportunity to raise his issues in the state forum. This Court may assume that the state procedures will afford Petitioner an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Further, Petitioner has failed to show that he falls within any of the narrow exceptions to the *Younger* doctrine.

Petitioner is asking this Court to exercise authority over the state court to order it to adjudicate his pending PCRA petitions and to provide him with transcripts and discovery. Petitioner's requested remedies will interfere with pending state proceedings. *See Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir.1994) ("A federal court will only consider *Younger* abstention when the requested relief would constitute federal interference in state judicial or quasi-judicial proceedings"). Accordingly, it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. *See Peay*, 133 Fed. Appx. 31; *Ridge*, 984 F. Supp. 2d 364. *See also Ellis v. Mondello*, 2005 WL 1703194, *3 (D. N.J. 2005) ("assuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

(Doc. 2, pp. 4-7).

Petitioner's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has

been a clear error of law or manifest injustice committed.

In the motion for reconsideration, Petitioner again claims that the PCRA court has not addressed his PCRA petitions. (Doc. 4, p. 3). Petitioner, "asks for a reconsideration not for said issues contained in his petition, but reconsideration regarding the issues of the trial court[']s failure to provide transcripts to Petitioner, the court[']s failure to act on the first PCRA and the second PCRA petition." (Doc. 4, p. 3). Petitioner is again asking this Court to exercise authority over the state court to order it to adjudicate his pending PCRA petitions and to provide him with transcripts and discovery. Petitioner requests that this Court "enter an order compelling Clearfield County Court to act on either PCRA petition and further to provide Petitioner with all transcripts of any proceedings." (Doc. 4, p. 4). Petitioner's requested remedies will interfere with pending state proceedings. *See Marks*, 19 F.3d 873. As this Court previously determined, it is appropriate to abstain from entertaining the petition out of deference to the state judicial process. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant."); *In re Bey*, 490 Fed. Appx. 455 (3d Cir. 2012).

Moreover, Petitioner's claims of delay and/ or error by the PCRA court are not cognizable on federal habeas review. *See Abu-Jamal v. Horn*, 520 F.3d 272, 297 (3d

Cir.2008) ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief."), *judgment vacated on other grounds by, Beard v. Abu-Jamal,* 558 U.S. 1143 (2010). Rather, habeas relief can be granted only based upon the proceedings that actually resulted in Petitioner's conviction, not upon circumstances that occurred during the state post-conviction proceedings. See *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir. 1998). Therefore, claims premised upon delay or other problems encountered while seeking state collateral relief are inappropriate grounds for granting habeas review. See *id.*

Thus, this Court finds that its Memorandum of October 21, 2014 is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected this Court's decision. Consequently, the motion for reconsideration will be denied.

A separate Order follows.

Date: November 5, 2014

Robert D. Mariani
United States District Judge